## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARISSA BERMINGHAM<br>19 Larch Circle<br>Holland, PA 18966<br><br>          Plaintiff,<br><br>v.<br><br>NAZARETH HOSPITAL<br>2601 Holme Avenue<br>Philadelphia, PA 19152<br>    and<br>MERCY HEALTH SYSTEM<br>One West Elm Street, Suite 100<br>Philadelphia, PA 19428<br><br>          Defendant. | CIVIL ACTION<br><br>No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Charissa Bermingham (hereinafter referred to as "Plaintiff," unless indicated otherwise) against Nazareth Hospital and Mercy Health System (hereinafter collectively referred to as "Defendants" unless indicated otherwise) for violations of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*), the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. §§ 951 *et. seq.*). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and

seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Nazareth Hospital is a non-profit entity organized under the laws of Pennsylvania which operates a hospital in Philadelphia, PA.

8. Defendant Mercy Health System is the largest Catholic healthcare system serving the Delaware Valley, which owns and operates many hospitals, including Defendant Nazareth Hospital.

9. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial

controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

11. Defendants have and continue to employ over 50 employees per calendar year for at least the last 5 years, and Defendants engage in a variety of business relationships generating revenue by engaging in the healthcare industry.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff worked for Defendants for approximately 3 years as a Director of Nursing until Defendants ultimately terminated her employment on or about April 8, 2013 (discussed further *infra*).

14. Plaintiff has and continues to suffer from various disabilities including but not limited to Lyme disease.

15. Plaintiff's aforementioned disabilities limit her from enjoying several major life activities including but not limited to - at times - working, performing manual tasks, and other activities.

16. Plaintiff's daughter, for who she cares, also suffers from Lyme disease.

17. Plaintiff's daughter was diagnosed with Lyme disease in or about the year of 2011.

18. In or about 2012, Plaintiff applied for intermittent leave pursuant to the Family and Medical Leave Act (FMLA) to care for her daughter's Lyme disease.

19. Plaintiff infrequently took intermittent time off from work to care for her daughter's Lyme disease following her FMLA certification.

20. Plaintiff herself was diagnosed with Lyme disease in or about January of 2013.

21. In or about January of 2013, Plaintiff applied for intermittent leave pursuant to the FMLA for her own serious health conditions.

22. On or about February 4, 2013, Plaintiff's aforementioned applications were approved for intermittent FMLA leave.

23. Plaintiff took intermittent time off from work due to flare ups and/or doctor's appointments over the remaining two months of her employment.

24. During the last several months of Plaintiff's employment, Plaintiff performed both the duties of the Director of Nursing and many duties that were meant to be done by Defendants' administrator because the previous administrator had separated from Defendant.

25. Although one of Defendant's corporate employees was named "acting administrator," that employee retained many corporate duties and was not often present, leaving many of those administrative duties to Plaintiff.

26. On or about March 18, 2013, Plaintiff's physician provided a note to Defendants explaining that Plaintiff would be temporarily restricted to working five (5) hours per day.

27. On or about March 22, 2013, Plaintiff requested that she be permitted to work from 8am-1pm in light of her five (5) hour working restriction from her physician, but Defendant's management told Plaintiff that she would only be permitted to work 12pm to 5pm or 1pm to 6pm.

28. Plaintiff informed Defendants' management that wanted to take the day off from work on or about March 29, 2013, and Defendants' acting administrator asked Plaintiff if it was "really necessary" for her to take the day off, displaying animosity to Plaintiff's needs for time off.

29. On or about April 8, 2013, Defendants terminated Plaintiff's employment.

30. Defendants told Plaintiff that she was terminated due to a "restructuring of leadership."

31. Only two positions were affected by the alleged "restructuring."

32. The only position (other than Plaintiff's) affected by the alleged restructuring was the aforementioned administrator position for which Plaintiff was also performing many of the job duties.

33. Following the alleged restructuring, the aforementioned "acting administrator" (other than Plaintiff) returned to the corporate office full time.

34. Defendants did not offer any alternative positions to Plaintiff following the purported restructuring, even though Defendants had other vacant positions within for which Plaintiff was qualified.

35. Upon information and belief, Plaintiff was the only employee terminated pursuant to the alleged restructuring.

36. Plaintiff performed her job satisfactorily for approximately three years, requested and utilized medical leaves from Defendants, disclosed to and confided in management of Defendants her health condition(s), and was terminated shortly after taking such leaves and providing such disclosure(s).

37. Defendants told Plaintiff that she was terminated as part of a restructuring, but Plaintiff was the only employee who was terminated due to the alleged restructuring. She was also subjected to some animosity and selective treatment leading up to her termination, indicating an intent to discriminate against her.

38. Plaintiff believes and therefore avers that Defendants' proffered reason for termination was pretextual and that Defendants truly terminated Plaintiff's employment because of her disabilities, her requests for medical leave, and/or her use of medical leave.

## COUNT I
### Violations of the Family & Medical Leave Act ("FMLA")
(Interference & Retaliation)

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Plaintiff was employed with Defendant for over one year.

41. Plaintiff had worked over 1250 hours in the previous year.

42. Plaintiff took, applied for and was approved for FMLA leave based on both her and her daughter's serious health conditions.

43. Plaintiff utilized the FMLA leave and in March even began to use it on a daily basis.

44. Defendants' management terminated Plaintiff in exceedingly close proximity to her requests and use of FMLA qualify leave.

45. Defendants' management also attempted to dissuade Plaintiff from utilizing FMLA leave.

46. Plaintiff therefore believes that she was terminated for FMLA qualifying absences, because she engaged in protected activity seeking FMLA leave, and/or or to prevent

her from taking further FMLA leave in the future, actions which constitute interference and retaliation.

## COUNT II
### Violations of the Americans with Disabilities Act ("ADA", as amended)
**(Discrimination & Retaliation)**

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Plaintiff properly exhausted her administrative remedies before proceeding in this Court for violations of the ADA by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant Complaint within 90 days of receiving a notice of case closure and/or right-to-sue letter.

49. Plaintiff was terminated by Defendant because of: (1) her known health conditions; (2) her perceived health conditions; and/or (3) due to her record of impairment.

50. Plaintiff was also terminated in retaliation for requesting and utilizing medical accommodations from Defendant (in the form of intermittent time off from work and a reduced work schedule).

51. These actions as aforesaid constitute unlawful discrimination and retaliation under the ADA, as amended.

## COUNT III
### Violations of the Pennsylvania Human Relations Act ("PHRA")
**(Discrimination & Retaliation)**

52. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53. Plaintiff properly exhausted her administrative remedies before proceeding in this Court for violations of the PHRA by timely filing a Charge with the Pennsylvania Human

7

Relations Commission ("PHRC") and by filing the instant Complaint after letting the Charge remain with the PHRC for one (1) year.

54. Plaintiff re-asserts and re-alleges every allegation of Count II as they also constitute identical violations of the PHRA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

E. Plaintiff is to be given a jury trial as demanded in the caption of the instant Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 28, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CHARISSA BERMINGHAM | : | CIVIL ACTION |
| v. | : | |
| NAZARETH HOSPITAL, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 4/29/2014 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 19 Larch Circle, Holland, PA 18966

Address of Defendant: 2601 Holme Ave, Philadelphia, PA 19152; One West Elm St, Suite 100, Philadelphia, PA 19428

Place of Accident, Incident or Transaction: Defendants place of business

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/20/2014        *Attorney-at-Law*        ARK2484    Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/20/2014        *Attorney-at-Law*        ARK2484    Attorney I.D.# 91538

CIV. 609 (5/2012)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

BERMINGHAM, CHARISSA

(b) County of Residence of First Listed Plaintiff: Bucks

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS

NAZARETH HOSPITAL, et al.

County of Residence of First Listed Defendant: Philadelphia

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Family & Medical Leave Act "FMLA" (29USC2601); ADA (42USC12101)

Brief description of cause:
Violations of the FMLA, ADA and the PHRA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____  DOCKET NUMBER _____

Explanation:

DATE: 4/29/2014

SIGNATURE OF ATTORNEY OF RECORD

---

Print | Save As... | Export as PDF | Retrieve PDF File | Reset